# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3927

_____

| | | |
|---|---|---|
| Tommy L. Lansford, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Jo Anne B. Barnhart, Commissioner | * | [UNPUBLISHED] |
| of the Social Security Administration, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  September 11, 2003

Filed:  September 22, 2003

_____

Before MELLOY, RICHARD S. ARNOLD, and FAGG, Circuit Judges.

_____

PER CURIAM.

Tommy L. Lansford sought disability insurance benefits asserting he was disabled by obesity, hypertension, chronic knee problems, status post-prostate cancer, urinary stress incontinence, and degenerative joint disease. An administrative law judge (ALJ) held Lansford was not disabled before his insured status expired. The ALJ found Lansford's impairments or combination of impairments did not meet or equal any listed impairment, Lansford's claims of physical disability were not

credible, and Lansford retained the residual functional capacity to perform medium work in the national economy. The district court* affirmed.

Because substantial evidence on the record as a whole supports the ALJ's decision, we affirm the denial of benefits. First, the ALJ properly found Lansford's impairments or combination of impairments did not meet or equal any listed impairment. The listing for arthritis of a major weight-bearing joint was not met because Lansford did not have a gross anatomical deformity of his hip or knee or reconstructive surgery or surgical arthrodesis. The ALJ also adequately considered Lansford's obesity, from which Lansford suffered years before the alleged onset of disability. Second, the ALJ properly discredited Lansford's subjective complaints based on the lack of supporting objective medical evidence, Lansford's noncompliance with recommended treatment, his reported search for other work and receipt of unemployment benefits, his daily activities, and the lack of any contemporaneous report of disability by his doctors. Third, the ALJ properly decided Lansford retained the residual functional capacity to perform medium work based on the impairments the ALJ found to be credible.

Having considered and rejected all of Lansford's arguments, we affirm on the basis of the district court's memorandum and order.

_____

*The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.